IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FARHAD AHMED KOCHARY )
 ) No. 3-08-0724
v. )
 )
UNITED STATES CITIZENSHIP AND )
IMMIGRATION SERVICES )

TO: Honorable Robert L. Echols, District Judge

R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered August 11, 2008 (Docket Entry No. 8), this case was referred to the Magistrate Judge for consideration of all pretrial matters and report and recommendation on any dispositive motions.

The plaintiff filed this action on July 15, 2008, to "obtain naturalization." Although he did not specifically refer to the statutory authority, the complaint was filed pursuant to 8 U.S.C. § 1447(b). At the time the plaintiff filed his complaint, the United States Citizenship and Immigration Services ("USCIS") had not acted on his application for naturalization. However, by decision dated September 2, 2008, the USCIS denied his application, prompting the defendant to file on September 16, 2008, a motion to dismiss as moot or to remand (Docket Entry No. 10). While that motion was pending, the plaintiff appealed the denial of his application and the USCIS reversed the denial and approved the plaintiff's application, prompting the defendant to file a second motion to dismiss (Docket Entry No. 12).

By order entered January 23, 2009 (Docket Entry No. 14), the Court noted that the defendant's first motion to dismiss has now been rendered moot by intervening events and by the defendant's second motion to dismiss, and directed that the Clerk terminate the defendant's first motion to dismiss as pending.

The plaintiff has not filed a response to the defendant's second motion to dismiss.[1] Failure to file a response indicates that there is no opposition to the motion. See Local Rule 7.01(b). Further, the Court assumes that the plaintiff has no objection to the motion since the relief sought by the plaintiff has been granted.

The defendant maintains that the case is now moot and should be dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure because the Court lacks subject matter jurisdiction since there is no longer a case or controversy. The defendant explains that the plaintiff's application for naturalization has been approved. See Docket Entry No. 13-1. The Court has confirmed with the Naturalization Clerk that the plaintiff was sworn in as a citizen on January 22, 2009.

Since the plaintiff has obtained the relief he sought, it is not necessary to analyze whether the United States Citizenship and Immigration Services ("USCIS") had jurisdiction to take any action, including approval of the plaintiff's application and subsequent naturalization, while this case was pending. See Etape v. Chertoff, 497 F.3d 379 (4th Cir. 2007); United States v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004) (en banc); Elaasar v. Mueller, 522 F. Supp.2d 932 (N.D. Ohio 2007); and Zaranska v. United States Dep't of Homeland Sec., 400 F. Supp.2d 500, 502-504 (E.D.N.Y. 2005), holding that the District Court has exclusive jurisdiction once an action under 8 U.S.C. § 1447(b) has been filed. However, in Etape, the Court of Appeals for the Fourth Circuit specifically addressed the impact of its ruling that the federal court has exclusive jurisdiction, holding that its ruling had no retroactive application to previous cases, unless they are still open on direct review. 497 F.3d at 387-88. But see Castracani v. Chertoff, 377 F.Supp.2d 71 (D.D.C. 2005) (since federal court has exclusive jurisdiction, case was remanded even though the plaintiff's application had been approved and the plaintiff naturalized while the case was pending). In contrast, other courts have held that the federal court and the USCIS have concurrent jurisdiction. See, e.g., Zie v. Mukasey, 575 F.Supp.2d 963 (E.D. Wis. 2008); Bustamante v. Chertoff, 533 Supp.2d 373 (S.D.N.Y. 2008); Perry v. Gonzales, 472 F.Supp.2d 623 (D.N.J. 2007). Having not raised this issue in the motion to

---

[1] Neither did the plaintiff file a response to the defendant's first motion to dismiss.

2

dismiss and having proceeded to approve the plaintiff's application and naturalize the plaintiff, the United States would be estopped from denying that the plaintiff is now a naturalized United States citizen.

Therefore, it is respectfully RECOMMENDED that the defendant's motion to dismiss (Docket Entry No. 12) be GRANTED, and that this case be DISMISSED with prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice, and must state with particularity the specific portions of this Report & Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Urn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully Submitted,

JULIET GRIFFIN
United States Magistrate Judge

3